1 he opinion of the court ivas delivered, hy

Mri Justice Huger.

It is not pretended that in an action against the endorser of a note, a demand on the drawer is not to be proved; but it is contended that as these notes were made to be discounted at the bank, a personal demand was unnecessary, and that a demand was to be implied from the non-payment of the notes. It is perhaps true that such notes, when discounted, are usually paid at the bank when due; but it is also true, that the banks in this state never neglect tomakc a demand on the drawers for payment. If therefore a demand in these cases be unnecessary, it is not because it is authorised by a well established and therefore well understood usage, but because it was the intention of the parties at the time o!' their execution, that the notes were to be paid at the bank. If a waiver of demand is to foe implied from such intention, a demand will become unnecessary in most cases of discounted notes, But how is the fact? Is it under-» stood by the parties to such notes that a demand is waived? If so, why do the banks always make a demand. They make a demand, I apprehend, not because it is understood a demand is waived, but because it is understood that it is not waived. If it be not so understood generally, I can perceive no reason for exempting the notes in question from the general rule. The mo-? fion must therefore be granted.

JVott, Colcock and Johnson, Justices,, concurred.